**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

VINCENT E. CUMMINGS, for himself                                                PLAINTIFF
and all Arkansas residents similarly
situated

v.                                              No. 4:14CV00540 JLH

UNIFUND CCR PARTNERS                                                            DEFENDANT

**OPINION AND ORDER**

Vincent Cummings brings this putative class action against Unifund CCR Partners, alleging that Unifund was unjustly enriched by means of judgments it obtained in debt-collection actions in Arkansas courts. Cummings claims that summonses served on defendants in those actions erroneously stated that incarcerated persons must file an answer within 30 days—instead of the appropriate 60 days—thus rendering the summonses defective and depriving the state court of jurisdiction to enter the judgments. Unifund has filed a motion to dismiss. For the reasons explained below, Unifund's motion is granted.

**I.**

On February 14, 2008, Unifund filed a complaint against Cummings in the Circuit Court of Garland County, Arkansas. The same day, Unifund issued its summons, which was served on Cummings on April 3, 2008. The summons incorrectly stated that incarcerated defendants had only 30 days to file an answer. *See* Ark. R. Civ. P. 12(a) (2006). On June 11, 2008, the court entered a default judgment against Cummings in the amount of $8,024.45, court and service fees in the amount of $180.00, prejudgment interest in the amount of $1,773.37, attorney's fees in the amount of $1,203.67, and postjudgment interest at 6% per annum.

On May 7, 2014, the Arkansas Court of Appeals issued its opinion in *Earls v. Harvest Credit*

*Mgmt. VI-B, LLC*, 2014 Ark. App. 294, at 4, in which the court held that a summons that incorrectly states the time for an incarcerated person to respond is defective even as to defendants who are not incarcerated. The Arkansas Supreme Court subsequently took up the case and came to the same conclusion as the Arkansas Court of Appeals. *See Earls v. Harvest Credit Mgmt. VI-B, LLC*, 2015 Ark. 175, at 7, 460 S.W.3d 795, 799 (2015) (applying a bright-line standard of strict compliance with Arkansas Rules of Civil Procedure 4 and 12 to conclude that a summons that incorrectly stated that an incarcerated defendant had 30 days to file a response resulted in improper service of process even though the defendants were not incarcerated).

On September 9, 2014, Cummings brought this putative class action against Unifund for unjust enrichment, seeking, among other things, a declaratory judgment that state court judgments against members of the class were void *ab initio*, disgorgement of the funds collected pursuant to those judgments, and an injunction requiring Unifund to move to set aside the judgments against the members of the class.

## II.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The court must accept as true all of the

factual allegations contained in the complaint, *Twombly*, 550 U.S. at 572, 127 S. Ct. at 1975, and must draw all reasonable inferences in favor of the nonmoving party. *Cole v. Homier Distrib. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010). The complaint must contain more than labels, conclusions, or a formulaic recitation of the elements of a cause of action, which means that the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965.

### III.

Unifund's motion argues that this action is barred by the *Rooker-Feldman* doctrine, by the statute of limitations, and by Cummings's lack of standing. Because this action is barred by the *Rooker-Feldman* doctrine and the statute of limitations, the Court does not reach the standing issue.

"The *Rooker–Feldman* doctrine recognizes that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004) (internal quotation omitted). "The basic theory of the *Rooker–Feldman* doctrine is that only the United States Supreme Court has been given jurisdiction to review a state-court decision, so federal district courts generally lack subject-matter jurisdiction over attempted appeals from a state-court judgment." *Dodson v. Univ. of Ark. for Med. Sciences*, 601 F.3d 750, 754 (8th Cir. 2010) (internal quotations omitted). "The doctrine has its foundation in the Supreme Court's appellate jurisdiction statute, as well as a concern with federalism and the proper delineation of the power of the lower federal courts." *Simes*, 354 F.3d at 827 (internal quotation and brackets omitted).

"The *Rooker–Feldman* doctrine . . . is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22, 161 L. Ed. 2d 454 (2005).

> The doctrine precludes district courts from obtaining jurisdiction both over the rare case styled as a direct appeal, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S. Ct. 149, 68 L. Ed. 362 (1923), as well as more common claims which are "inextricably intertwined" with state court decisions. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

*Simes*, 354 F.3d at 827. "A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995). "In other words, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Id.* The *Rooker-Feldman* doctrine applies to claims for both injunctive and declaratory relief. *Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir. 1990).

Here, Cummings's claim succeeds only to the extent that the state courts erred in entering the default judgments, and he complains of injuries caused by the state court judgments, i.e., the collection of funds by garnishment or other means. Document #1 at 1. Cummings does not allege that Unifund's summons was fraudulent, that it misled him and the other members of the class to believe that they had less time to respond or, or that it in any way prejudiced their ability to answer or otherwise mount a defense to Unifund's actions against them.[1] Rather, Cummings alleges that "Unifund had no right to the Judgments, or to collect payments to satisfy the Judgments," *id*. at 11 ¶ 52, and he seeks not only disgorgement of the funds collected pursuant to those judgments but also

---

[1] Under Arkansas Rule of Civil Procedure 12(b)(4), Cummings and the other putative classmembers had the option in the state court of filing a responsive pleading or motion to dismiss that raised the defense of insufficient process.

4

injunctive relief "in the form of an order requiring Unifund to move to set aside the Judgments wrongfully obtained," *id*. at ¶ 56, and he "requests this Court declare: * * * that the Default Judgment against Cummings and the Judgments entered in other debt-collection civil actions initiated by Unifund, in which Unifund issued defective and invalid summonses, should be set aside as void *ab initio*[.]" *Id.* at 10-11 ¶ 47.

Cummings thus invites this Court to review and reject the judgments of the state court. Even under the narrowed confines of *Exxon Mobil*, such claims are inextricably intertwined with the state court judgments. 544 U.S. at 284, 125 S. Ct. at 1521-22; *see Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1143 (10th Cir. 2006) ("Appellate review—the type of judicial action barred by *Rooker-Feldman*—consists of a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law.").

Cummings argues that the classmembers' cause of action for unjust enrichment did not arise until the Arkansas Court of Appeals issued its opinion in *Earls v. Harvest Credit Mgmt. VI-B, LLC*, 2014 Ark. App. 294. Therefore, he argues, the claims for unjust enrichment are not inextricably intertwined with the state court decisions, and the *Rooker-Feldman* doctrine does not apply. Unifund responds that if a claim can arise out of the service of a defective summons, it arises upon service of the summons and not six years later when a different but similarly-situated person who timely filed for relief obtains a favorable court ruling in another case.

But even if the Court were to find that a cause of action for unjust enrichment did not arise for members of the class until the Arkansas Supreme Court issued *Earls*, Cummings still does not explain how that would preclude the *Rooker-Feldman* doctrine from depriving this Court of jurisdiction. The recent accrual of a cause of action would not change the fact that this is a case

"brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284, 125 S. Ct. at 1521-22.  Therefore, this action is *Rooker-Feldman* barred.  *See Skit Int'l, Ltd. v. DAC Technologies of Ark., Inc.*, 487 F.3d 1154, 1158 (8th Cir. 2007) (rejecting the plaintiff's argument that the *Rooker-Feldman* doctrine does not apply when a party has been unable to obtain state appellate review of its claim that the state-court defendant was not properly served with a summons); *see also Francis v. TD Bank, N.A.*, 597 F. App'x 58, 61 (3d Cir. 2014) (holding that the *Rooker-Feldman* doctrine precluded a federal district court from reversing a state court judgment where the federal plaintiff alleged that the state-court plaintiff failed to serve a valid summons in the state-court action); *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 607-08 (9th Cir. 2005) (holding that the *Rooker-Feldman* doctrine barred a federal action to entertain a claim that the defendant in a state bar disciplinary action did not receive a summons).

Even if this action were not barred by the *Rooker-Feldman* Doctrine, it would be barred by the statute of limitations.  "Unjust enrichment carries a three-year statute of limitations." *Willis v. Nationwide Mut. Ins. Co.*, Case No. 4:14-CV-04024, 2014 WL 4904100, at *6 (W.D. Ark. Sept. 30, 2014) (slip opinion) (citing Ark. Code. Ann. § 16-56-105).  Statutes of limitation "begin running on the date the breach or injury occurs, not when it is discovered, unless the limitations period is tolled." *Id.*  The state court issued its judgment against Cummings on June 11, 2008, which is the last date that a cause of action for unjust enrichment could have accrued.  Cummings did not file this action until September 9, 2014—more than six years later.  Cummings has not alleged any grounds sufficient to toll the running of the limitations period.  Consequently, this action for unjust

enrichment, declaratory judgment, and injunctive relief is barred by the three-year statute of limitations. *See Gilbert v. City of Cambridge*, 932 F.2d 51, 58 (1st Cir. 1991) (rejecting an argument that the plaintiffs' "[d]raping their claim in the raiment of the Declaratory Judgment Act, some five years after the window of opportunity framed by the statute of limitations has closed" may "elude this time bar.").

## CONCLUSION

For the reasons explained above, Unifund's motion to dismiss is GRANTED. Document #4.

IT IS SO ORDERED this 3rd day of August, 2015.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE